## Nels Borgasen v. L. A. Eklund et al.

1. DAMAGES—*Elements of, in Actions Under the Dram-Shop Act.*— Trouble and discomfort to a person, resulting from his intoxication, are not grounds for awarding damages to his wife and children in actions under the dram-shop act.

**Trespass on the Case.**—Action under the dram-shop act. Appeal from the Circuit Court of Winnebago County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

M. R. HARRIS, FRANK J. QUINN and CHARLES W. FERGU-SON, attorneys for appellant.

FISHER & NORTH, attorneys for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On the afternoon of March 18, 1899, a police officer of the city of Rockford found Sanford Eklund asleep in his buggy in said city and arrested him and placed him in the city jail. He was discharged the next morning. The jailer who had the care of him during that time has since died. Eklund was unconscious from his arrest till next morning, and during that time he seems to have lain upon his right arm, producing paralysis in that member. He was treated by various physicians, and has nearly recovered. He was unable to use that arm in work for about one year, but at the time of the last trial was able to do at least some kinds of work with it. His wife and children brought this action against Nels Borgasen, claiming that they had been injured in their means of support by said injury to Sanford Eklund, that said injury was caused by his intoxication, and that his intoxication was produced by intoxicating liquors sold and given to him by said Borgasen in his saloon. A jury found defendant not guilty. The court granted plaintiffs a new trial, and leave was given them to file an amended declaration making A. E. Giggey an additional defendant. The amended declaration was filed and Giggey was sum-

moned, and the plea of not guilty to the original declaration was ordered to stand as the plea of both defendants to the amended declaration. The cause was again tried, and defendant Giggey was found not guilty and defendant Borgasen was found guilty, and plaintiffs' damages were assessed at $500. A motion for a new trial was interposed by Borgasen and denied, and plaintiffs had judgment. From that judgment Borgasen prosecutes this appeal.

The clear preponderance of the proof is that Eklund was already intoxicated when he entered Borgasen's saloon on said 18th day of March; that because of his intoxicated condition he was refused liquor; that he said he knew where he could get it, and went out without obtaining any liquor in Borgasen's saloon. There was no basis in the proof from which the jury could assess plaintiffs' damages at $500. For about one year Eklund was unable to work. After that he did work, but with some trouble and discomfort to himself, which trouble and discomfort to him was of course not a ground for awarding damages to his wife and children. Eklund operated a rented farm. After the injury and perhaps because of it he spent a few dollars for hired men. His wife and children worked the farm after Eklund was injured. There is no proof Eklund did the farm work before he was injured. For all that appears in this record, his wife and children may have done the farm work before, as much as after, the injury. It is not shown their means of support were diminished by Eklund's injury. It is not shown the few dollars Eklund paid hired men after he was injured, diminished the means of support of his family, but if it did, it could not be to the extent of $500. The record is singularly silent as to the manner in which the family was supported both before and after the injury.

We are of opinion the proof will not support the verdict, and the judgment is therefore reversed and the cause remanded for a new trial.